By the Court.—Sedgwick, J.
The course taken upon the trial by the learned counsel for the respective parties, made a very narrow question for the judge at the trial and for this court on appeal. Bach counsel moved for a direction to the jury in his favor. All questions of fact were thereby submitted to the judge and his finding as to any fact necessary to the direction he did make is conclusive.
The defendant’s counsel moved on specific grounds, thereby turning the attention of the judge away from all other grounds. The first two grounds were that plaintiff had notice of arrival and had reasonable time to remove. The learned court, on the facts, acceded to these propositions. The sole remaining ground was that thereafter the goods were stolen without any negligence by defendants. To this the court did not agree. The court made some remarks in giving a direction for the plaintiff. They were concise and suggestive—as the custom is upon a trial—and were not meant to be exhaustive. If they had not been made the inference would have been that the court may have found as a fact, that the loss by theft occurred from the negligence of defendants, and this would be conclusive. It appears from the opinion of the court, however, it deemed that after responsibility as carrier ended, that is, when reasonable time had passed after *410 notice to remove, there was a specific contract duty on the part of defendants to store in a warehouse; that the bill of lading substituted the particular duty of seeing that the goods had the special protection of a warehouse, in the place of the general obligation of a bailee or warehouseman, or of providing a safe place of deposit. In the latter case, it would be a question of fact as to whether the carrier had fulfilled the general obligation, by allowing the tin to remain on the dock, under the circumstances, and one of the facts to be considered would have been whether the goods could have been sent to a warehouse before Sunday, if giving reasonable time to remove required that they should remain ready for delivery through the business hours of Saturday.
On the terms of the bill of lading, this view should be sustained. It said, in substance, that unless the goods are taken from alongside immediately after the vessel is ready to discharge, “ they will ” be “ deposited in the warehouse provided for that purpose.” The agreement to deposit in a warehouse has the quality of a contract, and the promise must be fulfilled. This construction is reasonable in view of what would have been the duty of the defendants, if the special clause had not been made. That duty would have been, to provide a proper place of deposit for the goods, he not being at liberty to leave them on a wharf (Redmund v. S. N. Y. & P. Steam Co., 46 N. Y. 583). It intended only to state a general rule, but not to intimate that if no contract had been made, that it would under any circumstances or the facts of this particular case be a breach of duty, to leave goods properly guarded on a wharf, with special protection.
The bill of lading in express and unconditional terms shuts in the parties to a special mode of performance of the duty; viz., the carrier is to place the goods in a warehouse.
*411 The judge found, therefore, and correctly, that the goods being on the wharf was a breach of defendant’s contract, and their then having been stolen is not an excuse for the non-performance of the obligation to deliver.
The other exceptions have been examined, but on the law as above stated they were either not material or were not well taken.
The judgment and order appealed from are affirmed with costs.
Freedman, J., concurred.